BOLIN, Judge.
This case was consolidated for trial with Shell v. Greer, reported in 171 So.2d 669. The object of the instant suit is to remove the cloud from plaintiff’s title to forty acres of land in Jackson Parish. There was judgment in the lower court rejecting plaintiff’s demands but reserving to him the right to amend his petition so as to ask that he be declared the owner of the property and be reimbursed for the timber cut and removed therefrom. .From this judgment plaintiff perfects the present appeal.
The facts and background of this litigation are stated in detail in the consolidated case. Suffice it to say that plaintiff is the record owner of the property by deed from defendant’s father dated August 28, 1943, but not filed for record until March 24, 1958. Between the time plaintiff acquired the property and filed his deed for record, defendant’s father died and she became the record owner of the property by inheritance of an undivided interest in all of his estate and, by a subsequent amicable partition deed, to the specific forty acres in question. Plaintiff discovered defendant’s adverse claim of ownership when defendant’s husband began cutting timber from the property.
Mrs. Greer occupies the same legal position as her father insofar as this property is concerned, and can claim no better right or title to the land than could have her deceased ancestor. Since her father had sold the property to plaintiff and had warranted the title, he would have been precluded from questioning plaintiff’s title. Mrs. Greer, having accepted her father’s succession, is bound by her father’s warranty and is likewise precluded from claiming title against plaintiff. See Griffing v. Taft (1922), 151 La. 442, 91 So. 832.
It is argued that the above rule of law should not prevail in the instant case because Shell had delayed some 15 years in recording his deed, causing defendant and the other heirs to proceed in ignorance of plaintiff’s ownership. This argument was advanced in Griffing v. Taft, supra, but the court held that the warranty clause in the deed obligated the vendor, without registry, and the heirs who have accepted his succession unconditionally have assumed the obligation whether they were or were not aware of it when they accepted the succession. The court also held heirs claiming by inheritance are not in the situation of third parties.
We think the holding in the above case is clearly applicable to the present situation and we conclude defendant herein is bound by her father’s warranty and can claim nothing against plaintiff by virtue of the judgment of possession and voluntary act of partition.
In order to remove the effect of the partition deed, under which defendant claims title, plaintiff has sought to use the equitable remedy known as the “action to remove cloud from title.” This action may be used by a person claiming ownership of immovable property or of a real right against another who has recorded an instrument which operates as a cloud on his title. A number of Louisiana cases have recognized the validity of this action, an example of which may be found in Authement v. Weill, 197 La. 585, 2 So.2d 31 (1941).
*674 It is true, as the District Court observed in its opinion, that the cancellation ’of the partition deed to the forty acres in question would have the effect of declaring plaintiff to be the owner of the property (i. e. as between plaintiff and defendant). 'However, the action is not one of the real actions set forth in Articles 3651 and 3655 of the LSA Code of Civil Procedure. On the contrary, it is one of the fringe actions which has been recognized by our Courts. The place of the action in the scheme of things is specifically recognized and delineated by writers of the Code of Civil Procedure, and it is quite clear from the introductory material to Title II, Real Actions, Louisiana Code of Civil Procedure that the redactors did not intend to disturb or to do away with the action to remove a cloud from title. Quoting from that material:
“No attempt has been made to include in this Title certain of the fringe actions which bear some resemblance to the real actions, such as the action of trespass, the action to remove a cloud from title, and the action of specific performance.”
If there be any doubt that our Courts would continue to recognize the validity of the action to remove cloud from title, it has been laid to rest in the case of Walmsley v. Pan American Petroleum Corporation, 244 La. 513, 153 So.2d 375 (1963), a case decided by the Supreme Court subsequent to the adoption of the Louisiana Code of Civil Procedure. Quoting from that opinion:
“Although the action to remove cloud from title has long been recognized in our jurisprudence, and although its abolition has been recommended by some, the legislature in enacting the Code of Civil Procedure has seen fit to leave that action free from change * * * ”.
In view of the foregoing authorities it seems quite clear that plaintiff is entitled to utilize the “action to remove a cloud from title.” '
Since the plaintiff is in possession and owns the forty acres of land in question, and since the defendant can claim nothing by virtue of the act of partition, the proper judgment herein is to order the cancellation of the partition deed insofar as it affects said forty acres of land.
For the reasons assigned the judgment appealed from is reversed and set aside, and
It is now ordered, adjudged and decreed that there be judgment in favor of L. G. Shell and against Amy Bunn Greer, decreeing the act of partition dated January 4, 1958, recorded in Conveyance Book 92, page 495, of the public records of Jackson Parish, Louisiana, be cancelled insofar as it affects the following described property, to-wit:
NWi/j. of NE14 of Section Eight (8), Township Fifteen (15) North, Range One (1) West, containing Forty (40) acres, more or less.
It is further ordered that defendant pay all costs of these proceedings, including the cost of this appeal.
Reversed and rendered