666 So.2d 1264 (1996)
Louise Phillips CARROLL, Appellee,
v.
Edward Odell COLEMAN and Renee Ramsey Coleman, Appellants.
No. 27861-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1996.
*1265 Herbert Hobgood, Monroe, for appellant.
Bobby L. Culpepper, Jonesboro, for appellee.
Before MARVIN, SEXTON and GASKINS, JJ.
GASKINS, Judge.
The defendants, Edward Odell Coleman and Renee Ramsey Coleman, appeal a default judgment rendered in favor of the plaintiff, Louise Phillips Carroll. For the following reasons, we affirm.

FACTS
On September 29, 1993, the plaintiff purchased a house from the defendants. She alleged that the sewer line was defective at the time of the sale and that sewage backed up into the house twice in January, 1994. The plaintiff replaced carpet twice and ultimately, she replaced the sewer line.
On September 28, 1994, the plaintiff filed suit against the defendants. The plaintiff asserted that the problem with the sewer line was a redhibitory defect and that she was entitled to a reduction of the purchase price equal to the amount necessary to make the repairs. She claimed that the sewer repair totaled $1,113 and the insurance deductible for replacement of the carpet was $1,000. She also sought to recover attorney fees and court costs.
Domiciliary service was made upon the defendants and on November 14, 1994, a preliminary default was entered. On December 1, 1994, a hearing was held on the confirmation of default. The plaintiff testified that she spent $80 to have the sewer line unstopped. When that failed to solve the problem and sewage backed up into the house again, the plaintiff spent $873 to replace the sewer line under the driveway of the house. She testified that she also spent $160 to tap into the municipal sewer service. The plaintiff submitted her plumbing bills into evidence. She also submitted the disclosure statement allegedly executed by the defendants in connection with the sale of the house. The disclosure statement indicated that the sewer line had been replaced in 1988. However, the plaintiff testified that the pipe taken from under the driveway was made of old, crumbly clay tiles. The plaintiff stated that the tiles would easily crumble in her hand. According to the plaintiff, this portion of the sewer line had obviously been in place for a long time and had not been replaced in 1988. The plaintiff asserted that she contacted the defendants on two occasions seeking reimbursement for the expense of replacing the sewer line, but she received no response from them.
On December 1, 1994, the trial court entered judgment in favor of the plaintiff, confirming a default judgment against the defendants and ordering them to pay to the plaintiff $1,113 in repair costs for the sewer line and $500 in attorney fees. The trial court denied the plaintiff's demand for $1,000 in insurance deductibles paid in connection with the replacement of her carpet.
On March 1, 1995, the defendants filed a motion for new trial, asserting that the judgment entered by the trial court was contrary to the law and evidence. The defendants argued that the plaintiff offered no testimony or other evidence to corroborate her claim that the sewer line was faulty. The defendants contended that the first problems with the sewer arose after the plaintiff purchased the property. The defendants asserted that the plumbing bills submitted by the plaintiff were hearsay and not competent evidence of her claim. They also alleged that no foundation was laid for the admission of the disclosure document allegedly signed by the defendants.
*1266 On April 4, 1995, the trial court denied the defendants' motion for new trial. The defendants appealed, asserting that the trial court erred in rendering the default judgment and in refusing to grant the motion for new trial.

LEGAL PRINCIPLES
LSA-C.C.P. Art. 1702 provides in pertinent part:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case....
A "prima facie case" is established when the plaintiff proves the essential allegations of the petition, with competent evidence, to the same extent as if the allegations had been specifically denied. C.L. Morris v. Southern American Insurance Company, 550 So.2d 828 (La.App.2d Cir.1989); Howard v. A & M Construction Company, 93-1013 (La.App. 1st Cir. 4/29/94), 637 So.2d 575. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at a trial on the merits. Rhodes v. All Star Ford, Inc., 599 So.2d 812 (La.App. 1st Cir.1992); C.L. Morris v. Southern American Insurance Company, supra. Hearsay evidence does not sustain the burden of proving the prima facie case necessary for confirmation of default. Blackwell v. Daigle, 317 So.2d 18 (La. App. 3d Cir.1975), writ denied 320 So.2d 563 (La.1975).
In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. The presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where, as in the present case, the testimony is transcribed and contained in the record. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment was based was sufficient and competent. Meshell v. Russell, 589 So.2d 86 (La.App.2d Cir.1991).
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it, had he known of the vice. LSA-C.C. Art 2520; Holloway v. Gulf Motors, 588 So.2d 1322 (La.App.2d Cir.1991). To sustain a suit in redhibition, a purchaser must prove that: (1) the thing sold is absolutely useless for its intended purpose or its use so inconvenient that had he known of the defect, he would not have purchased it; (2) the defect existed at the time of the sale but was not apparent; (3) the seller was given an opportunity to repair the defect. Burch v. Durham Pontiac Cadillac, 564 So.2d 380 (La.App. 1st Cir.1990), writ denied 569 So.2d 968 (La.1990).
A reduction in price may be awarded a purchaser where, although not warranting rescission, the thing purchased contains defects which diminish its value. In such a case, the amount of the reduction in price should be the difference between the actual purchase price and the price a reasonable buyer and seller would have agreed upon if they had both known of the defect. Factors to consider in making an award of a price reduction include the number of defects, the frequency and length of attempted repairs of the defects, the inconvenience associated with the repairs, the actual damage, if any caused by the defects, the actual cost of repairs, and the curtailed use of the thing due to its defects. Rhodes v. All Star Ford, Inc., 599 So.2d 812 (La.App. 1st Cir.1992).
Following the confirmation of default in this case, the defendants filed a motion for new trial, asserting that the judgment was contrary to the law and evidence under LSA-C.C.P. Art. 1972(1) and, alternatively under LSA-C.C.P. Art. 1973, that good grounds exist for granting a new trial. When a trial court denies the defendant a new trial, the appellate court will not disturb the ruling, even though the defendant may urge in his motion for new trial that he has a meritorious defense. Mere failure to answer, without more, is not adequate grounds to grant a new trial. Lamb v. Lamb, 430 So.2d 51 (La.1983).

DISCUSSION
On appeal, the defendants assert that the plaintiff failed to present competent evidence *1267 to establish the elements of her redhibition claim. They claim that the plaintiff failed to establish that she purchased the property from the defendants, that the testimony of the plaintiff alone was not sufficient to establish her claim, and that the plumbing bills submitted by the plaintiff were inadmissible hearsay. We find these arguments to be without merit.
Further, we reject the defendants' argument that the plaintiff's testimony alone is insufficient to establish her claim in redhibition. A plaintiff's testimony alone may be sufficient for confirmation of default. See Galland v. National Union Fire Insurance Company of Pittsburg, Pennsylvania, 452 So.2d 397 (La.App. 3d Cir.1984). The plaintiff appeared at the hearing on the confirmation of default and testified that she purchased the house from the defendants and that the defendants represented to her that the sewer line had been replaced in 1988. She also testified that, after sewage backed up into the house twice within a few months of the purchase, it was determined that the sewer line was collapsed and had to be replaced. The plaintiff also observed the old, crumbly clay tiles composing the sewer line that were excavated from under the driveway of her home. Her testimony showed that these tiles had been in place for a long time and had not been replaced in 1988. The plaintiff also testified that she notified the defendants of this defect and requested that they pay for the repairs, but they failed to respond.
This testimony established that there was a nonapparent defect in the house at the time of the sale and that the defect diminished the value of the house, warranting a reduction in price equal to the cost of repairs. The plaintiff's testimony also established that the defendants were given an opportunity to repair the defect.
The trial court found the plaintiff's testimony to be credible and this finding will not be disturbed on appeal unless clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989). Based upon our review of the record, we do not find that the trial court erred in its credibility determination. Therefore, based upon the plaintiff's testimony, we find that she adequately established a prima facie case for confirmation of default against the defendants.
The defendants also argue that the plumbing bills, submitted into evidence by the plaintiff, were inadmissible hearsay and cannot be used to establish her claim that the sewer line was defective. The defendants assert in their brief that "while the plumbing bills which were introduced may establish that the [plaintiff] received the bills and paid the amounts noted thereon, they are not competent evidence to establish a defect in the sewer line in existence at the time of the sale." We agree that the bills are hearsay regarding the existence of a defect. However, they are not necessary in this case to establish the plaintiff's prima facie case. The plaintiff's testimony established her prima facie claim for redhibition. However, the bills are admissible, as noted by the defendants, to establish the amount of damages sustained by the plaintiff. On this basis, the plumbing bills were properly admitted by the trial court. In Howery v. Linton, 452 So.2d 295 (La.App.2d Cir.1984), this court held that, in a default judgment based upon a personal injury, ambulance and medical bills were admissible to show the plaintiff's expenses, but not to show that the services were necessary or that the expenses were reasonable. See also Bailey v. Jackson, 331 So.2d 498 (La.App. 2d Cir.1976) and Collins v. Estrade, 93-977 (La.App. 5th Cir 5/11/94), 638 So.2d 275. Therefore, in the present case, we find that the plumbing bills merely establish the expenses incurred by the plaintiff in repairing the sewer line. The bills are not probative of the existence of the defect itself. Accordingly, the trial court did not err in allowing the plumbing bills of be admitted into evidence.

CONCLUSION
For the reasons stated above, we affirm the trial court ruling granting a default judgment in favor of the plaintiff, Louise Phillips Carroll, and against the defendants, Edward Odell Coleman and Renee Ramsey Coleman. We also affirm the trial court judgment denying the defendants' motion for new trial. *1268 Costs in this court and in the court below are assessed to the defendants.
AFFIRMED.