I,WILLIAMS, Judge.
The defendant, Burnell Moliere, appeals a default judgment in favor of the plaintiff, Louisiana Safety Association of Timber-men' — Self Insurers Fund. The district court denied Moliere’s motion for new trial. For the following reasons, we reverse in part, affirm in part and remand.
FACTS
In February 2004, the plaintiff filed a petition against the defendants, Temlaco, Inc., a/k/a Temlaco Debris Removers, Temlaco Garbage Services of Louisiana, Inc., a/k/a Temlaco Debris Removers (collectively referred to as “Temlaco”) and Burnell Moliere, an officer and registered agent of the corporations. The petition alleged that Temlaco had failed to pay plaintiff workers’ compensation insurance premiums and other assessments for the year 1994, that Temlaco’s corporate charter had been revoked, that its assets had been distributed to the shareholders and its corporate structure had been ignored, such that Moliere was personally liable for Temlaco’s debts. In March 2004, Temlaco and Moliere were personally served with the petition, but did not file an answer.
In April 2004, after the delays for responding to the petition had expired, plaintiff filed a motion for preliminary default, which was granted. In May 2004, plaintiff filed a motion to confirm the default along with exhibits, including the contract of insurance, an affidavit of correctness of indebtedness stating a balance due of $47,351, and the sheriffs return of service for each defendant. The district court entered judgment in favor of plaintiff, confirming a default judgment against the defendants in the amount of $47,351 and awarding $3,500 in attorney fees.
I Jn June 2004, Moliere filed a timely motion for new trial on his own behalf, on the grounds that as a corporate officer he was not personally liable for the debt of the corporations, that plaintiff had failed to present evidence to corroborate the allegation that Temlaco’s corporate charter had been revoked or its assets distributed to shareholders, and that plaintiffs claim had prescribed. Subsequently, the district court denied the motion for new trial, finding that the submitted evidence supported confirmation of the default judgment and that Moliere had failed to specifically plead the issue of prescription as required prior to entry of final judgment. Moliere appeals the judgment.
DISCUSSION
Moliere contends the district court erred in granting a default judgment in favor of plaintiff. He argues that because he is a corporate officer, he is not personally liable for the corporation’s debts and that plaintiff failed to present evidence to prove a prima facie case of his individual liability.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702. A prima facie case is established when the plaintiff proves the essential allegations of the petition with competent evidence to the same extent as if the allegations had been specifically denied. Carroll v. Coleman, 27,861 (La. App.2d Cir.1/24/96), 666 So.2d 1264. The plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial. Crump v. Bank One Corporation, 35,990 (La. App.2d Cir.5/8/02), 817 So.2d 1187; Carroll, supra.
An appellate court’s review of a default judgment is restricted to a determination of the sufficiency of the evidence *495 offered in support of the judgment. Crump, supra; Carroll, supra. Generally, to obtain a reversal of a default judgment, a defendant must overcome the presumption that the judgment has been rendered on sufficient evidence and is correct. Jackson Parish Bank v. Durbin, 535 So.2d 1074 (La.App. 2d Cir.1988). However, this presumption does not attach when the record upon which the judgment was rendered indicates otherwise. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254 (La.1993); Martin v. Sanders, 35,575 (La.App.2d Cir.1/23/02), 805 So.2d 1209.
In the present case, the court minutes show that the exhibits which the plaintiff submitted to the district court to support the default judgment included the insurance contract, an affidavit of correctness of the charges, returns of service on Temlaco and on Moliere individually, and the preliminary default entered; Additionally, the court ordered that the entire record be filed along with the exhibits. Thus, the record demonstrates that no evidence beyond the above documentation was offered to support the confirmation of default.
As proof of the amount owed,-plaintiff submitted the insurance contract, the statement of account and an affidavit of correctness by the affiant, James Parker, who was plaintiffs collections manager. The affiant stated that he was personally familiar with Temlaco’s account for workers’ compensation coverage and that the balance due on the account was the sum 14of $47,351, plus interest, attorney fees and costs. The affiant further stated that “all of the allegations of fact made in the petition are true to the best of his knowledge and belief.”
Although the plaintiff submitted sufficient evidence to prove the debt owed by Temlaco, the plaintiffs petition also alleges that as a shareholder and officer of the corporation, Moliere is individually liable for Temlaco’s debts because the corporate ■ charter of Temlaco was revoked and its assets distributed to unnamed shareholders. To impose liability on a corporate officer or shareholder, the plaintiff must also establish a prima facie case of individual liability separate from that of the corporate defendant. Mossy Motors, Inc. v. Cameras America, 02-1536 (La.App. 4th Cir.6/25/03), 851 So.2d 336. Thus, we must consider whether the record contains sufficient proof to support a finding of Moliere’s individual liability.'
The insurance contract names the insured' as “Temlaco Debris Removers Inc.” Moliere’s name appears on the first page of - the document where his signature is above the handwritten words “Burnell K. Moliere as President of Temlaco Debris Removers, Inc.” Moliere signed the document in' two ’other places, each time as president on behalf of Témlaco.
Our review of the record shows that plaintiff did not present any documentation corroborating the petition allegations that Temlaco’s corporate charter had been revoked and that its assets were distributed to shareholders. The plaintiff did not offer proof of any agreement between itself and Moliere as an individual, or provide proof of any duty owed by Moliere individually to plaintiff. Nowhere in the record is there any | ¡^explanation of the ev-identiary basis for the petition’s allegations concerning Temlaco’s failure to maintain corporate formalities. Parker’s bare statement in his affidavit that those allegations are true, without any evidentiary foundation, is insufficient to support the trial court’s apparent finding that the corporate structure of Temlaco was ignored by Moliere.
Based upon this record, we must conclude that although plaintiff proved the debt against the corporate defendant, the plaintiff has failed to establish the ele *496 ments of a prima facie case with competent evidence of Moliere’s individual liability for the debt of Temlaco. Consequently, the district court erred in confirming the default judgment against Moliere individually and we shall reverse that part of the judgment. In reaching this conclusion, we pretermit a discussion of the remaining assignment of error and the issue of prescription.
CONCLUSION
For the foregoing reasons, that part of the district court’s judgment confirming the default against Burnell Moliere is hereby reversed. Moliere is allowed ten days from the date this court’s opinion becomes final to file responsive pleadings. The judgment is otherwise affirmed and this case is remanded to the district court for further proceedings. Costs of this appeal are assessed to the appellee, Louisiana Safety Association of Timbermen— Self Insurers Fund.
REVERSED IN PART; AFFIRMED IN PART AND REMANDED.