AMY, Judge.
_JjThe plaintiff filed suit against the defendant seeking damages for unwork-manlike performance in constructing a concrete pool deck. The defendant was personally served but failed to make an appearance of record. A preliminary default was entered and subsequently confirmed, wherein a judgment was entered against the defendant. The defendant thereafter filed an exception of vagueness and a motion for a new trial. After a hearing, the motion for new trial was denied. The defendant appeals this ruling. For the following reasons, we affirm-.
Factual and Procedural Background
The record indicates that the plaintiffs, Vinson and Melissa McNab, entered into a contract with the defendant, Jimmy Blan-ton, individually, and d/b/a Custom Concrete Designs, to construct a concrete pool *1282 deck. After the deck was completed, the plaintiffs alleged that there were several defects with the deck and that their pool was damaged from the construction of the deck. According to Mrs. McNab, Mr. Blanton’s failure to remedy the problems prompted her to institute this suit.[1] In her petition, Mrs. McNab seeks damages for Mr. Blanton’s “fail[ure] to supervise crew properly to prevent the damages to Plaintiffs property; failfure] to exercise the care of an ordinary prudent business owner; failure] to see what he should have seen, fail[ure] to do what he should have done under the circumstances; and fail[ure] to correct the problems with the job.”
The record indicates that Mr. Blanton was served on October 6, 2004. Mrs. McNab stated that because Mr. Blanton did not timely file an answer, she sent a letter to the Clerk of Court’s office asking it to enter a default judgment against him. According to the record, the default judgment was entered on October 25, 2004, | asixteen days after Mr. Blanton was served with the petition. Before confirming the default judgment, Mrs. McNab testified that she checked with the Clerk of Court’s office to see if Mr. Blanton had filed an answer or a responsive pleading. He had not; therefore, Mrs. McNab confirmed her default judgment on October 28, 2004, and judgment was entered against Mr. Blanton in the amount of $6,502.77.
After receiving notice of judgment, Mr. Blanton filed an exception of vagueness on November 3, 2004. The next day he filed a motion for a new trial. Following a hearing, the motion was denied. It is from this judgment that Mr. Blanton appeals, asserting the following assignments of error:
1. The trial court erred in denying Appellant’s Motion for New Trial by abusing its discretion in not reviewing and considering, in a proper manner, all circumstances which contributed to Appellant’s responsive pleading not being filed prior to the confirmation of the default judgment, and especially in light of general policy considerations weighing in Appellant’s favor to allow him his day in courtf.]
2. The trial court erred in denying Appellant’s Motion for New Trial in failing to properly consider the lack of veracity in Appellees’ testimony to the effect that although she checked her post office box in Jones-ville, Louisiana every day the week of October 25, 2004 through October 29, 2004, she did not actually receive the properly addressed correspondence and a copy of the Appellant’s exception of vagueness until four days after it was mailed from Vida-lia, Louisiana!.]
3. The trial court erred in denying the Appellant’s Motion for New Trial in accepting and failing to scrutinize improper legal arguments made by Appellee’s counsel at the hearing on the Motion for New Trial, and which arguments were advanced without notice to Appellant’s counsel through the proper advance filing of a memorandum in opposition to the Motion for New Trial.
| .-¡Discussion

Motion for New Trial

Mr. Blanton argues, in his brief submitted to this court, that under La.Code Civ.P. art. 1973, a new trial should have *1283 been granted because there are good grounds therefor. He contends that due to policy considerations and the particular circumstances of this case, the default judgment should be set aside, and a new trial should be ordered to allow him his day in court.
Louisiana Code of Civil Procedure Article 1973 states “[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.” In Crumb v. Bank One Corp., 35,-990, pp. 10-11 (La.App. 2 Cir. 5/8/02), 817 So.2d 1187, 1193, the court explained:
In reviewing the denial of a motion for a new trial after proper confirmation of a default judgment, the reviewing court must be particularly cautious in examining the circumstances underlying the judgment. Thibodeaux v. Burton, 538 So.2d 1001, (La.1989); Lamb v. Lamb, 430 So.2d 51 (La.1983); Hickman v. Wm. Wrigley, Jr. Co., Inc., 33,896 (La.App. 2d Cir.10/04/00), 768 So.2d 812. The trial court has much discretion in determining if a new trial is warranted, and its ruling cannot be set aside except in a case of a manifest abuse of that discretion or where the facts convince the reviewing court that a miscarriage of justice would result. Lamb, supra; Hickman, supra. The trial court’s denial of new trial will not be disturbed on appeal even though the defendant may assert in his motion for a new trial that he has a meritorious defense. Carroll v. Coleman, 27,861 (La.App. 2d Cir.1/24/96), 666 So.2d 1264, supra. Additionally, the mere failure to file an answer, without more, is not adequate grounds to grant a new trial. Lamb, supra; Carroll v. Coleman, supra.
In the instant case, Mr. Blanton was personally served on October 6, 2004. At the hearing on the motion for a new trial, Mr. Blanton testified that because of his illness, he was not able to go to the office of his attorney, Mr. Seibert, before October 20, 2004. He stated that Mr. Seibert told him that he “would file something to slow this down.”
| ¿Ms. Kimberle’ Millican, Mr. Seibert’s legal secretary, testified that after Mr. Blanton left the office, Mr. Seibert told her to file exceptions to two lawsuits. She stated that she prepared the exceptions that day, but because they had not been signed by Mr. Seibert, they were not mailed. Ms. Millican testified that when she returned to work on Monday, October 25, 2004, Mr. Seibert asked her why the exceptions had not been mailed. After he signed them, Ms. Millican “immediately prepared, proceeded to make copies and preparefd] the envelopes and [put] them in the envelopes.” She testified that she “prepared the transmittal letters to the clerk and the envelopes, hindsight, [she] inadvertently put the Judge’s post office box instead of the Clerk of Court’s post office box, but it was addressed to the Clerk of Court.” The exception was also sent to Mrs. McNab at her post office box in Jonesville, Louisiana.
According to Ms. Millican, on October 25, 2004, the exceptions were mailed. She testified that generally if something is mailed from Vidalia, Louisiana, it “goes to Alexandria and then comes to Harrison-burg, and it usually takes two days.” When asked whether Mr. Seibert had ever fax filed anything when a filing date was quickly approaching, Ms. Millican responded affirmatively as she remembered him fax filing a document on a previous occasion.
At the hearing, Mrs. McNab testified that she checked her post office box every week day on her way home from work in case she received any responsive pleadings from Mr. Blanton. When she did not receive anything from him fifteen days after he was personally served, Mrs. McNab *1284 sent a letter to the Clerk of Court’s office asking that a default judgment be entered against Mr. Blanton. The preliminary default was entered on October 25, 2004. On October 28, 2004, Mrs. McNab went to the Clerk |sof Court’s office to check for any responsive pleadings that it may have received from Mr. Blanton. Nothing was in the file, so Mrs. McNab presented her evidence to the trial court, and the default judgment was confirmed. Mrs. McNab testified that she did not receive the exception of vagueness until October 29, 2004.
According to Mr. Blanton, he received a Notice of Judgment dated October 28, 2004, which was the first indication to him that a judgment had been rendered. He “thought [the suit] had just been postponed.” Mr. Blanton testified that he showed the notice to Mr. Seibert, who did not admit any mistakes at that time but simply stated that he would check into it and see what the problem was. Mr. Blan-ton stated that Mr. Seibert “explained to [him] what had got misplaced in the mail or had got to the wrong box or something by mistake.”
On November 3, 2004, Mr. Seibert called Judge Kathy Johnson’s office and spoke with her secretary, Ms. Julie Colclasure, to ascertain whether the exception was in the judge’s mail. Although the exception was mailed to the judge’s post office box, it was addressed to Janet Payne, the Clerk of Court for Catahoula Parish. Ms. Colclas-ure testified that she took the exception and its envelope down to the Clerk of Court’s office and filed it that same day. She confirmed that this was not the first time that she had spoken with Mr. Seibert after he had mailed something to the judge before sending it to the Clerk of Court’s office for filing. However, she explained that this instance was different “because normally Mr. Seibert would send it to attention to one of the judges, and that one is attention to Janet Payne.”
On November 4, 2004, Mr. Seibert filed a motion for new trial on the grounds that “through inadvertence and clerical error, the dilatory exception of vagueness forwarded to Catahoula Parish was improperly addressed to the Clerk of Court at P.O. IfiBox 600, Harrisonburg, LA 71340, instead of P.O. Box 654, Harrisonburg, LA 71340.” The hearing on the motion for new trial was held on May 12, 2005. In denying the motion, the trial court stated:
The court notes on the petition that was filed, although it was filed in proper person, following the signature there is given a telephone number and also a mailing address number wherein the plaintiff can be contacted.
And apparently, the attorney failed to do that even though this was a petition for damages, and it was being filed and there was only one other day left before the 15 days were up. I think that the fact that this exception did not get filed until November the 3rd is an indication that there was just a complete overlooking of the need for diligence in this matter.
There should have been a contact between the attorney and the plaintiff in this particular matter, and if she had failed to grant an extension of time for the answering, I’m sure one of the judges would have done that exactly. The Motion for New Trial is therefore denied.
In Succession of Rock v. Allstate Life Insurance Company, 340 So.2d 1325, 1329 (La.1976) (citing DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951), the supreme court stated that “[h]e who seeks to have a default judgment against him set aside must allege and prove that he had good reasons for his nonappearance and failure to timely plead.” In the instant case, Mr. Blanton asserts that the answer was not timely filed due to “happen *1285 stance.” In his brief submitted to this court, he contends that had the exception been properly addressed when it was mailed on October 25, 2004, it would have made it to the Clerk of Court’s office two days later on October 27, 2004, the day before the default judgment was confirmed.
According to Ms. Millican, after the exceptions were mailed to Mrs. McNab and the Clerk of Court’s office, no further action was taken. Although she acknowledged that the “U.S. Mail is not always that responsible,” Ms. Millican admitted that she did not remember contacting the Clerk of Court’s office to see if 17they had received the exception. Furthermore, she stated that although she had fax filed documents for Mr. Seibert in the past, she did not do so this time. We also note, as the trial court did, that Mr. Seibert did not contact Mrs. McNab to ask for an extension of time to plead[2] or seek a court order to extend the time to plead.
Mr. Blanton argues that in the interests of justice, a new trial should be ordered to allow him to have his day in court. After due consideration, “we can find nothing in this record to justify our giving any relief to the [defendant] on a finding that the trial court’s denial of a new trial was an abuse of discretion.” Strange v. Imperial Pools Inc., 520 So.2d 1039, 1042 (La.App. 3 Cir.1987), writ denied, 522 So.2d 565 (La.1988).
Because Mr. Blanton’s only excuse for failing to timely answer was “happenstance” or oversight, we find no abuse of the much discretion accorded to the trial court in its determination that there are no good grounds for granting a motion for new trial pursuant to La.Code Civ.P. art. 1973. As a result of this finding, we deem it unnecessary to address Mr. Blanton’s remaining assignments of error.
DECREE
For the foregoing reasons, we affirm the judgment of default in favor of the plaintiffs, Vinson and Melissa McNab. All costs of. this proceeding are assessed against the defendant, Jimmy Blanton, individually, and d/b/a Custom Concrete Designs.
AFFIRMED.
PICKETT, J., dissents and assigns written reasons.

. We note that Mr. McNab executed a power of attorney in favor of his wife, giving Mrs. McNab the legal authority to institute this suit on his behalf.

. Prior to the filing of this appeal by the defendant, Mrs. McNab appeared pro se.