MOORE, J.
11 This is an appeal from a default judgment nullifying a tax sale of immovable property and cancelling and erasing a recorded conveyance from the records of Union Parish. For the reasons below, we affirm.
FACTS
The property at issue is located in Farmerville, Louisiana, and belonged to Mrs. Lois Holdcraft Spencer, who was in very poor health for the last six years of her life. In June 1991, Mrs. Spencer gave general power of attorney to her son, Charles L. Spencer, who was responsible for handling his mother’s business affairs while she lived in an assisted living nursing care facility. On November 4, 1995, Mrs. Spencer died.
By tax sale deed dated June 28, 1995, and recorded in the conveyance records of Union Parish on August 1,1995, the Farm-erville property was sold at tax sale to Robert C. James, Jr. for the sum of $12.60. The tax deed essentially was a “fill in the blanks” form that stated in pertinent part:
BE IT REMEMBERED that on this 28 day of June, 1995, before me, a Notary Public in and for Union Parish, Louisiana, duly qualified and sworn and therein residing and acting, personally came and appeared Gay Nell McIntosh, Tax Collector of the Town of Farmer-ville, Union Parish, Louisiana, who declares and acknowledges that, after giving Tax Notice according to law, he (sic) did on the 25 day of May 1995 cause to be advertised in the Gazette, a newspaper published weekly in the Town of Farmerville, Louisiana, and the Official Journal of said Town, to sell on Wednesday, the 28 day of 2June, 1995, the following described property situated in the Town of Farmerville, Union Parish, Louisiana, to-wit:
BEGIN AT NW/C OF WILLIE G. DAWKINS LOT RUN S. 105 FT. FOR P.O.B., W. 479 FT., S. 100 FT., E. 479 FT., N. 100 FT., to P.O.B. LESS 1 LOT.
which stands on the Tax Roll of 19 9/ assessed to Spencer, Lois Holdcraft C/O Charlotte Hall, who is delinquent for taxes of 1994 ....
On June 20, 2000, Charles L. Spencer and Jayme Ruth Spencer, as the sole heirs of Lois Holdcraft Spencer, filed a petition to annul the tax sale. They asserted in their petition that the sale was defective because their mother was not given any actual notice whatsoever or notice required by law of the tax delinquency or of the forthcoming tax sale. They also asserted that they had never been dispossessed from the property and had remained in constant possession of the property since the sale. Additionally, they asserted that by deed dated February 1, 2000, Robert C. James, Jr., and Debra L. James purportedly sold to Linda G. Austin another parcel of property in Farmerville, Louisiana, that purportedly was transferred in the tax deed, but was in fact a parcel of property belonging to the petitioners that had never been conveyed to Robert C. James, Jr., and Debra L. James.
When the defendants failed to answer the petition, a judgment by default eventually was confirmed by the trial court. At the hearing for [¡¡confirmation of default, Charles Spencer testified that although he managed his mother’s affairs on a daily basis in the last years of her life pursuant to the power of attorney she had granted *1290 him, and he received her mail on a daily basis, he never received any notice that taxes for any real estate in Union Parish or in Farmerville were delinquent. He also testified that before his mother became ill, she took very good care of making sure that all her taxes were paid on her property. With respect to the property purportedly sold by the Jameses to Linda Austin, Spencer testified that although reference was made to assessment numbers on the original deed, the property description showed that the tract of land subject to that sale was not the tract of land sold at the tax sale. Mr. Spencer and his sister owned both tracts of land, and Mr. Spencer had no knowledge of how the mix-up occurred. In addition to Mr. Spencer’s testimony, the plaintiffs entered into evidence the general power of attorney given to Mr. Spencer, the tax deed to Mr. James, and the cash deed from the Jameses to Linda Austin. Additionally, plats of the two tracts were entered into evidence. After reviewing the evidence, the court granted judgment in favor of the plaintiffs declaring the tax deed to be a nullity, and declaring that the deed from the Jameses to Linda Austin was a cloud on the plaintiffs’ title that would be can-celled and erased from the public records of Union Parish. This appeal followed.
DISCUSSION
This case actually involves two actions: one is the plaintiffs’ action to annul the tax sale, while the second is to remove the cloud from the title |4to the property created by Jameses’ alleged sale to Linda Austin. In both actions, the plaintiffs obtained a default judgment.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702. A prima facie case is established when the plaintiff proves the essential allegations of the petition with competent evidence to the same extent as if the allegations had been specifically denied. Louisiana Safety Ass’n of Timbermen-Self Insurers Fund v. Temlaco, Inc., 39,459 (La.App. 2 Cir. 4/28/05) 903 So.2d 492; Carroll v. Coleman, 27,861 (La.App.2d Cir.1/24/96), 666 So.2d 1264. The plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial. Louisiana Safety Ass’n of Timbermen-Self Insurers Fund, supra; Crump v. Bank One Corporation, 35,990 (La.App. 2 Cir. 5/8/02), 817 So.2d 1187; Carroll, supra. In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. Discover Bank v. Peters, 38,366 (La.App. 2 Cir. 4/14/04), 870 So.2d 602. On appellate review, there is a presumption that a default judgment is supported by sufficient evidence and is correct, but this presumption does not apply where, as in the present case, the testimony is transcribed and contained in the record. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment was based was sufficient and competent. Discover Bank, supra; Crump, supra.
1 /The Action for Annulment of the Tax Sale
The appellants assert that under the provisions of La. R.S. 47:2180, notice of tax delinquency is to be sent to a tax debtor by certified mail, return receipt requested, before property can be properly sold for unpaid taxes. The appellants then argue that where the tax debtor’s correct address in known and used, certified mail, return receipt requested, has repeatedly been held to be a reasonable method of notifying the debtor, and it is unnecessary *1291 that notice actually be received by the tax debtor to establish the validity of the sale. Appellants take the position that notice was served on Mrs. Lois Holdcraft Spencer through her identified agent, Charlotte Hall, as established by the tax deed, that tax sales are presumed valid, and that the party attacking the sale bears the burden of proving its alleged invalidity.
The appellants also assign error to the trial court for not allowing a correction of the property description in the tax sale deed. However, we note that this issue need not be addressed unless the tax sale was valid. For the following reasons, we find that the tax sale was invalid and that the trial court’s judgment should be affirmed.
Under the provisions of La. R.S. 47:2180, the tax collector is to give each taxpayer who has not paid all the taxes which have been assessed to him on immovable property a written notice specifying that the taxes are delinquent, the amount of taxes due, and the manner in which the property may be redeemed. Of particular importance are the provisions of La. R.S. 47:2180(B), which state in pertinent part:
The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein.... |(;In the event the certified notice is returned as being undeliverable by the post office, the tax collector may comply with Article 7 Section 25 of the Constitution of Louisiana and the provisions of this Section by advertising the tax debtor’s property in the advertising required for unknown owners in Subsection C of this Section. After the tax collector shall have completed the service by the notices herein required, either by mail or by personal or domiciliary service, he shall make out a proces verbal stating therein the names of the delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made. Such proces verbal shall be signed officially by him in the presence of two witnesses and filed, in the parishes other than the parish of Orleans, in the office of the clerk of court for recording and preservation.... This proces verbal shall be received by the courts as evidence.
In addition to the above-quoted requirements for a proces verbal, the provisions of La. R.S. 47:2183 require each tax collector to execute and sign a deed of sale to purchasers for any real estate sold for taxes. The deed is required to state, among other things, a brief history of the proceedings, a description of the property, and the amount of the bid made for the property. Such a deed gives the purchaser the right to be placed in actual possession, but must also include a statement that the property is redeemable at any time for the space of three years beginning on the day when the tax deed is filed for record in the conveyance office of the parish in which the property is situated.
In Pardon v. Moore, 39,949 (La.App. 2 Cir. 8/17/05), 908 So.2d 1253, we affirmed the setting aside of a tax sale where pre-sale notice of the sale was not shown by clear and convincing evidence to have been served on the tax debtor, thus making the sale a nullity. When discussing sufficiency of the notice, we begin by pointing out that the United States Supreme Court, in Mennonite Board of Missions v. Adams, 462 U.S. 791, 7103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), recognized that the sale of property for non-payment of taxes is an action that affects a property right protected by the Due Process Clause of the XIV Amendment. Thus, as a minimum constitutional precondition to such a proceeding, notice *1292 must be sent by mail or other means certain to insure actual notice if the party’s name and address are reasonably ascertainable.
In Moore, we then discussed the notice requirements of La. R.S. 47:2180 requiring the tax collector to provide notice by sending the taxpayer a written or printed announcement via certified mail and requiring the tax collector to make out a proces verbal which, as previously noted, is to be filed in the office of the clerk of court for recording and preservation, and which shall be received by the courts as evidence. We stated that if a proces verbal is properly executed and filed, the burden of establishing that no notice was given rests on the tax debtor; however, in the absence of the proces verbal, the burden of proof is on the tax purchaser to show by clear and convincing evidence that the necessary notice was conveyed to the tax debtor.
In the instant case, although the record contains a copy of the tax deed, there is no proces verbal. By showing that a proces verbal was executed and recorded as required by law, the defendants could have placed the burden of proof on the plaintiffs to establish that no notice was given. However, in the absence of the proces verbal, the burden of proof was on the defendants who filed no answer and allowed a default judgment to be rendered against them. Thus, the defendants had the burden of proving by Rclear and convincing evidence that the necessary notice was conveyed to the tax debtor. This they did not do.
The defendants cannot rely on the copy of the form tax sale deed to show that proper notice was sent. That form deed merely states that notice was given “according to law,” but there are no copies of the notice itself showing that it was sent by certified mail, returned receipt requested, as required by law. Thus, the tax deed is insufficient proof, by clear and convincing evidence, that notice was sent by certified mail, that notice was addressed to the correct party, or that notice was sent to the correct address.
We also observe that the tax deed’s recitation that the property was assessed on the tax roll to Lois Holdcraft Spencer C/O Charlotte Hall does not constitute sufficient proof that Charlotte Hall was a proper person to whom notice of tax delinquency could be sent for purposes of satisfying the constitutional notice requirements. In Lewis v. Succession of Johnson, 05-1192 (La.4/4/06), 925 So.2d 1172, the plaintiff argued that notice to one co-owner was sufficient to give notice to the other co-owners because the one co-owner was “an authorized representative” of the other co-owners. The supreme court rejected this argument noting that the question was whether the one co-owner had been made a designated manda-tary by the other co-owners with regard to the property. The court noted that the existence of a mandate must be substantiated by evidence and that no evidence had been presented to show such a mandate in the case. Likewise, in the case before us, there is no evidence of who Charlotte Hall may be, much less that she was a manda-tary of Mrs. Spencer for purposes of | ¡¡receiving the tax notice required by law before a valid tax sale could occur.
Accordingly, we conclude that the trial court did not'err in confirming the default judgment annulling the tax sale.

The Action to Remove Cloud from Title

An action to remove cloud from title or to quiet title may be used by a person claiming ownership of immovable property or of a real right against another who has recorded an instrument which operates as a cloud on his title. Shell v. Greer, 171 So.2d 672 (La.App. 2 Cir.1965). *1293 Louisiana jurisprudence still recognizes the action to quiet title. Walmsley v. Pan American Petr. Corp., 244 La. 513, 153 So.2d 375 (1963); Parker v. Machen, 567 So.2d 739 (La.App. 2 Cir.1990); Harrison v. Alombro, 341 So.2d 1165 (La.App. 1 Cir.1976), writ denied, 343 So.2d 1063 (La.1977). Under this jurisprudence, a person who claims to be the owner of an immovable may bring an action to confirm his title. Parker, supra; Standard Homes, Inc. v. Prestridge, 193 So.2d 100 (La.App. 2 Cir.1966). The requirements of the action to quiet title are:
1. Claim of ownership;
2. Existence of clouds;
3. Description of property; and
4. Prayer for cancellation of the clouds.
Appellants do not raise an issue on appeal of whether the plaintiffs have made out a prima facie case to quiet title. However, the record demonstrates that the plaintiffs met the prima facie case requirements in this case. Plaintiffs claimed ownership and possession of the property allegedly |insold to Linda Austin by the Jameses in their petition. Additionally, they introduced into evidence judgments of possession from the respective successions of James T. Spencer and Lois Holdcraft Spencer. This uncontroverted evidence constitutes prima facie proof that the plaintiffs are the owners of the property. Harrison, supra. Plaintiffs further showed that there existed a cloud on their title by placing into evidence a certified copy of the cash deed from the Jameses to Austin containing the property description and showing that it was filed in the conveyance records of Union Parish. The plaintiffs prayed that the cloud from the title be cancelled and erased from the records of Union Parish. Accordingly, all the requirements established by the supreme court in Walmsley were met in this case.
For these reasons, we conclude that the trial court correctly confirmed the default judgment quieting title for the plaintiffs.
CONCLUSION
For the reasons set forth above, the judgment of the trial court is hereby affirmed at appellants’ costs.
AFFIRMED.