DOMENGEAUX, Judge.
Jacob J. Daniels and Yvonne Daniels commenced these proceedings against Lynn Chandler to recover a sum of money they allege they loaned the defendant. The Daniels contend that on or about August 17, 1983 they loaned Chandler $4,400.00. Chandler maintains that the $4,400.00 he received from the Daniels was not a loan, but rather, was an investment in his construction business.
The Trial Court concluded that the transaction between the Daniels and Chandler was a loan. The Court rendered judgment in favor of the Daniels for $6,199.50. The judgment included the principal amount of $4,400.00, plus interest in the amount of $1,799.50. The Daniels were additionally awarded all interest which would accrue until the judgment was satisfied. The interest referred to in the judgment was not legal interest, but rather, was interest which was accruing on a loan extended by Security First National Bank of Alexandria/Pineville, Louisiana (Security First) to Jacob Daniels. Daniels established to the satisfaction of the Trial Court that the Security First loan was the source of the money he loaned Chandler and that Chandler had agreed to be responsible for the interest which would accrue.
Chandler has appealed the lower court decision disputing the Court’s conclusion that his arrangement with the Daniels was a loan. Chandler reasserts on appeal his position that the money he received from the plaintiffs was an investsment. Chandler apparently reasons that the Daniels are due no return on their so-called investment because the venture was not profitable.
Prior to trial on the merits, the Daniels sought, via a writ of sequestration, the seizure of a 1983 Chevrolet pickup truck owned by Chandler. The Daniels alleged they had a security interest in the truck. Chandler moved the Trial Court to dissolve the writ. The lower court, in a judgment signed on October 3, 1985, denied Chandler’s motion. Chandler, in conjunction with his devolutive appeal of the Trial Court judgment awarding the Daniels $6,199.50, also appealed the decision of the Trial Court denying his motion to dissolve the writ.
Chandler’s appeal addressing the Trial Court’s refusal to dissolve the writ of sequestration was met by a motion to dismiss filed by the Daniels. This Court, on February 17, 1987, granted the appellees’ motion on the basis that the appellant had not timely perfected his appeal. This opinion will, therefore, only address the question of whether the parties’ agreement was a loan or an investment.
*100 We conclude, subsequent to a thorough review of the record, that the transaction between the Daniels and Chandler was a loan. We are, however, unable to agree with the decision of the Trial Court that $1,799.50 in interest had accrued on the Security First loan and was due the Daniels by Chandler. Our calculations indicate that as of the signing of the judgment only $1,776.32 in interest had accrued. We were also apprised by the testimony of Jacob Daniels that Chandler had made four payments to him to cover interest. The record, however, only reveals a payment of $161.51 made on November 16, 1983 and another payment of $200.00 made in May, 1984. We, therefore, conclude that the Daniels are only entitled to recover $1,414.81 in interest which had accrued pri- or to the signing of the judgment.
La.Civ.Code art. 2277 (1870) [amended and reenacted as La.Civ.Code art. 1846 (1984)] in effect on August 17, 1983, the date the parties entered into this transaction, establishes the standard of proof by which the Daniels had to prove their case. Article 2277 provides, in part, that “contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.” See also, Foshee v. Hand-Enis Realty Co., 237 So.2d 437 (La.App. 3rd Cir.1970); Cenac v. Cenac, 492 So.2d 39 (La.App. 1st Cir.1986); King v. Jarvis, 144 So.2d 616 (La.App. 4th Cir.1962). We believe that the Daniels have met this burden and, therefore, affirm, with modification, the judgment of the Trial Court. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Jacob Daniels testified that he had been approached by Chandler in July or August of 1983 for a loan for his construction business. Daniels stated that Chandler told him that he was involved in a construction project in Oakdale, Louisiana and he had an opportunity to purchase siding materials at a discount if he could pay cash. Chandler also told Daniels that his reason for requesting the loan was that he could not borrow at Security First. Daniels testified that upon agreeing to loan Chandler the money, he received from Chandler, as security, the title to Chandler’s 1983 Chevrolet pickup truck bearing Chandler’s signature and a bill of sale completely blank except for Chandler’s signature.
Chandler denied ever borrowing the money from the Daniels. He also denied ever signing a bill of sale. Chandler did acknowledge executing the title to his truck, but he could not explain how the title came into Daniels’ possession. Chandler stated that he signed the title in contemplation of an exchange with another individual, but the other party renigged on the deal.
Daniels testified that when he agreed to make the loan he went to Security First and borrowed the money in his name. He stated that his loan with Security First was a ninety day loan renewable at his option. Daniels further testified that Chandler agreed to be responsible for all interest which would accrue.
Daniels introduced in support of his position a check drawn by Chandler and payable to Danny Daniels, apparently the plaintiff’s nickname, and a deposit slip indicating a check drawn by Chandler was being deposited into Daniels’ account. The check introduced into evidence was dated November 16, 1983 and was drawn in the amount of $161.51. Daniels’ first interest payment due Security First was due on November 17, 1983 and totalled $161.51. The deposit slip indicated that Daniels was depositing on May 31,1984 a $200.00 check drawn by Chandler. Daniels stated that this check was for interest and late charges.
Thomas Chandler Blount, a commercial loan officer at Security First substantiated Daniels’ testimony. He testified that Daniels’ loan with Security First matured on November 17, 1983 and that the interest due on that date was $161.51. Blount was not questioned about the $200.00 check.
For the above and foregoing reasons, the judgment of the District Court in favor of Jacob J. Daniels and Yvonne Daniels and against Lynn Chandler is affirmed but amended to reduce the past due interest awarded in the judgment to the sum of $1,414.81.
*101 -The judgment in all other respects is affirmed.
'All costs of this appeal are assessed against Lynn Chandler.
AMENDED AND AFFIRMED.