PEATROSS, J.
12Pefendant, Southern Air, Inc. (“Southern Air”), appeals a confirmation of default judgment against it and in favor of Plaintiff, Bonnie E. Youngblood, awarding Ms. *1022 Youngblood damages in the amount of $66,036, together with judicial interest until paid. For the reasons stated herein, we affirm.

FACTS

In July 2005, Ms. Youngblood purchased a Carrier 3.5 ton air conditioner and horizontal furnace and coil from Southern Air. Ms. Youngblood signed a “Retail Installment Contract,” which provided the purchase price of $5,500 at an annual percentage rate of 17.99 % payable in sixty (60) installments of $139.68. Southern Air employees installed the heating and cooling system in Ms. Youngblood’s home. In her petition, Ms. Youngblood alleged that the system was defectively installed. Specifically, she alleged that Southern Air’s installers placed the drain tube to the sub-floor only and did not cut through the floor in order to allow drainage out from underneath the house. Ms. Youngblood became aware of the problem in September 2009 when the floors in her house began buckling and the foundation had shifted due to water draining in the subfloor and spreading throughout the house.
On October 20, 2009, a certified demand letter was sent to Southern Air with no response. Thereafter, on December 23, 2009, Ms. Youngblood filed the instant suit seeking damages in an unspecified amount for all reasonable damages to the premises and costs. The citation and petition was served on Southern Air on January 4, 2010. Southern Air failed to answer within 15 days and a preliminary default was entered on January 20, 2010. No action was taken by Southern Air; and, on July 6, 2010, Ms. Youngblood filed a Motion for Confirmation of Default. In support of the motion, Ms. Youngblood filed into evidence the entire suit record which contained the petition, an affidavit of correctness, citation, sheriffs return of service, minute entry of preliminary default, affidavits of experts/contractors regarding the extent of the damages to Ms. Youngblood’s house and certificates as required by La. C.C.P. art. 1702.1, infra.
_]oOn July 6, 2010, the trial court rendered judgment in favor of Ms. Young-blood based on the documentary evidence presented in support of the motion and without requesting additional evidence in the form of live testimony. Southern Air received Notice of Judgment on that date. On July 22, 2010, Southern Air filed a Petition to Annul the judgment, which is apparently still pending in the district court. On September 3, 2010, Southern Air filed the instant appeal.

APPLICABLE LAW

La. C.C.P. art. 1702, Confirmation of Default Judgment, provides, in pertinent part:
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima fa-cie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
(2) When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
*1023 La. C.C.P. art. 1702.1 governs the confirmation of default judgments without a hearing and provides as follows:
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include in an itemized form with the motion and judgment a certification that the suit is on an open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsuffi-cient funds, and that the necessary invoices and affidavit, note and affidavit, or check or certified reproduction thereof are attached. If attorney fees are sought under R.S. 9:2781 or 2782, the attorney shall certify that fact and that a copy of the demand letter and if required, the return receipt showing the date received by the debtor are attached and |4that the number of days required by R.S. 9:2781(A) or 2782(A), respectively, have elapsed before suit was filed. B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.

DISCUSSION

Conventional or Delictual Obligation

Southern Air argues that the trial court erred in confirming the default judgment because Ms. Youngblood’s claim is based on a delictual obligation which requires the taking of testimony in open court under La. C.C.P. art. 1702(B)(2). It further argues that there was insufficient evidence upon which to base the confirmation of default judgment. Ms. Youngblood maintains that the obligation sued upon is a conventional obligation and that the trial court properly confirmed the default judgment on the documentary evidence provided by her as provided in La. C.C.P. arts. 1702(B)(1) and 1702.1. We agree with Ms. Youngblood that the obligation to properly install the heating and cooling system was conventional in nature and that sufficient evidence was presented to support the trial court’s confirmation of default judgment.
The narrow issue presented is whether the agreement between Ms. Youngblood and Southern Air giving rise to the instant suit for damages was primarily a sales contract or a contract for installation services. Both agreements would be based in contract, with the former having been reduced to writing in the Retail Installment Contract and the latter being an apparent verbal agreement to install the heating and cooling system. This court has recognized the distinction between a contract for sale and a contract to install heating and air conditioning units. See Long Leaf Lumber, Inc. v. Summer Grove Developers, Inc., 270 So.2d 588 (La.App. 2d. Cir.1972).
We find that the agreement between Ms. Youngblood and Southern Air that formed the basis for this suit for damages was the verbal contracting out of Southern Air’s skill in installing the heating and cooling system in her |shome. Morris & Dickson Co., Inc. v. Jones Brothers Co., Inc., 29,379 (La.App.2d Cir.4/11/97), 691 So.2d 882, writ denied, 97-1259 (La.9/5/97), 700 So.2d 509. Indeed, Ms. Youngblood did not seek recission of the sale or return of the purchase price of the unit, nor did she allege that the unit was defective or operated in a faulty manner. Her action for damages was not based on the written Retail Installment Contract. The alleged breach of the verbal agreement to install the system, ie., the defective workmanship *1024 of Southern Air, caused the damage to the house. Simply stated, this action arose from the alleged breach of Southern Air’s contractual obligation to properly install the heating and cooling system. Such obligation is a conventional one and falls within section (B)(1) of the article. As such, only affidavit evidence was required to confirm the default judgment, unless the trial court had chosen to exercise its discretion and require the testimony of live witnesses. See La. C.C.P. art. 1702(B)(1).

Sufficiency of Evidence

A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702, supra. A prima facie case is established when the plaintiff proves the essential allegations of the petition with competent evidence to the same extent as if the allegations had been specifically denied. Johnston v. Broussard, 41,477 (La.App.2d Cir.9/20/06), 940 So.2d 79; Louisiana Safety Ass’n of Timbermen-Self Insurers Fund v. Temlaco, Inc., 39,-459 (La.App.2d Cir.4/28/05), 903 So.2d 492. The plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial. Johnston v. Broussard, supra.
Appellate review of a default judgment is restricted to determining the sufficiency of the evidence offered in support of the judgment. Arias v. Stolthaven New Orleans, L.L.C., 08-1111 (La.5/5/09), 9 So.3d 815. Generally, to obtain a reversal of a default judgment, a defendant must overcome the presumption that the judgment has been rendered on sufficient evidence and is correct. Spencer v. James, 42,168 (La.App.2d Cir.5/9/07) 955 So.2d 1287. This presumption does not attach, however, where the testimony is transcribed and contained in the record. Id.
| fiIn the case sub judice, because there was no live testimony transcribed, we review the default judgment under the presumption that the judgment was rendered on sufficient evidence. In order to make a prima facie case on breach of the oral contract to install the system, Ms. Youngblood must prove the existence of the contract, breach thereof and resulting damages. Attached to the Motion to Confirm Default Judgment is, inter alia, the affidavit of Ms. Youngblood which states that she purchased the system from Southern Air and personally observed a Southern Air crew install the system in her home. The affidavit also states that Ms. Youngblood was present when a contractor discovered that the cause of the extensive damage to the home was the water drainage in the subfloor from the improperly installed system. Also attached to the motion are affidavits of various contractors reflecting “bids” that were provided to Ms. Youngblood to perform the necessary repair work to her floors and foundation. The various repairs are itemized with the bids totaling $66,036, the amount awarded by the trial court. As previously stated, Ms. Youngblood did not seek return of the purchase price of the Carrier unit; therefore, absence of the Retail Installment Contract to prove that amount is immaterial. We conclude that Ms. Youngblood satisfied her burden of presenting sufficient proof of the demand to constitute a prima facie case and that the default judgment was based on sufficient evidence.

CONCLUSION

For the foregoing reasons, we affirm the default judgment against Southern Air, Inc., and in favor of Bonnie E. Youngblood awarding her damages in the amount of $66,036. Costs of this appeal are assessed to Southern Air, Inc.
AFFIRMED.