STEWART, J.
liThe plaintiff, Darlene Huddleston (“Darlene”), is appealing a judgment that sustained exceptions of prescription filed by the defendants, Richard Fewell, Jr. (“Fewell”), and Ronald Cook (“Cook”), and dismissed her claims against them for damages under the Electronic Surveillance Act, La. R.S. 15:1301 et seq. Because we find that the plaintiffs action is prescribed, we affirm.
FACTS
Darlene filed a petition for damages on December 1, 2008, against Renee D.S. Huddleston (“Renee”) and Joseph A. Tric-hell, Jr. (“Trichell”), alleging violations of the Electronic Surveillance Act. According to the petition, Darlene had obtained a money judgment in a separate suit against Renee and Renee’s son with Trichell on November 10, 2005. Then, on July 31, 2007, Trichell and his attorney, Cook, sued Darlene in the same suit record to annul the money judgment for fraud or ill practices. In the nullity suit, Darlene’s attorney filed an exception of unauthorized use of summary proceedings. Cook and Fe-well, representing Trichell, re-filed the nullity petition under a new docket number pursuant to a joint motion to transfer the nullity action.
The basis of Darlene’s action is that a transcript of a telephone conversation from 2005 between herself and her former husband, Dennie Huddleston (“Dennie”), con *570 cerning their now deceased son, was attached to the above-described filings in the nullity action. At some point, Darlene learned that Dennie had not recorded their conversation. Darlene alleged that Renee recorded the phone call in violation of La. R.S. 15:1303 and that 12Renee and Trichell further violated the statute by disclosing the transcript in the nullity action filings. Darlene prayed for compensatory and punitive damages, along with attorney fees.
Trichell answered Darlene’s petition for damages, but Renee did not. Darlene obtained a default judgment against Renee awarding her $100,000 in damages and $9,990 in attorney fees.
On March 11, 2010, Darlene filed a supplemental and amending petition adding Cook and Fewell as defendants and alleging them to be solidary obligors with Renee and Trichell. Her claims against the two attorneys are based on Cook having filed the nullity petition with the transcript attached and on Fewell having attached the transcript to an opposition to the exception of unauthorized use of summary proceeding. She also alleged that Fewell and Cook filed the joint motion to transfer the nullity action that resulted in its refiling under a new docket number. Darlene requested judgment against all the defendants for “punitive damages, attorney fees and all costs of these proceedings” and “for all general and equitable jury relief to which she is entitled!.]”
Fewell and Cook filed peremptory exceptions of prescription. In support of his exception, Fewell noted that Darlene filed the original petition on December 1, 2008, but that she alleged that the transcript was attached to the petition for nullity filed against her on July 31, 2007. Cook likewise asserted that Darlene would have known about the transcript when she was served with the nullity action on October 1, 2007, and that she had ample opportunity at that time to determine whether the phone call had been ^recorded illegally. Thus, her petition for damages filed more than one year after she learned her phone conversation had been recorded had prescribed.
In response, Darlene argued that she filed her petition for damages within one year of discovering on March 26, 2008, that her phone conversation with Dennie had been recorded by a third person. She further argued that prescription was interrupted as to Cook and Fewell, whom she alleged to be solidary obligors with Renee and Trichell due to their disclosure of the transcript in the nullity action.
Citing Ross v. Conoco, Inc., 2002-0299 (La.10/15/02), 828 So.2d 546, Cook and Fe-well argued that because Darlene is seeking only punitive damages against them, they cannot be held liable in solido with the other defendants. Thus, the original petition, if timely, did not interrupt prescription as to them.
The trial court heard arguments on the exceptions, took the matter under advisement, and then rendered judgment on June 6, 2011, sustaining the exceptions of prescription and dismissing Darlene’s action as to Cook and Fewell. In reasons for judgment, the trial court found that the face of the petition showed that it was filed more than one year after the “last meaningful action on the part of the defendant.” The trial court also agreed with the argument that there is no solidary liability for punitive damages and thus prescription was not interrupted.
Darlene filed a motion for a new trial, which was argued before the trial court and then denied in a judgment rendered on November 14, 2011.
|4On appeal, Darlene assigns as error the trial court’s granting of the exceptions of prescription, its failure to find Cook and *571 Fewell to be solidary obligors with Trichell and Renee, and its reliance on Ross, supra, in support of its ruling.
Fewell filed a peremptory exception of no cause of action before this court. He asserts that his actions as alleged by Darlene cannot constitute a “disclosure” under La. R.S. 15:1303(A)(3), because the transcript had already been filed in the suit record prior to his enrollment as counsel. We referred Fewell’s peremptory exception to the merits of this appeal.
DISCUSSION
At issue is whether Darlene’s claims against Fewell and Cook are prescribed. Darlene’s action is for alleged violations of the Electronic Surveillance Act, specifically La. R.S. 15:1303(A), which makes it unlawful for any person to:
(1) Willfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire or oral communication;
(2) Willfully use, endeavor to use, or procure any other person to use or endeavor to use, any electronic, mechanical, or other device to intercept any oral communication when:
(a) Such device is affixed to, or otherwise transmits a signal through a wire, cable, or other like connection used in wire communication; or
(b) Such device transmits communications by radio or interferes with the transmission of such communication;
(3) Willfully disclose, or endeavor to disclose, to any other person the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this Subsection; or
|fi(4) Willfully use, or endeavor to use, the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this Subsection.
A person whose wire or oral communication is intercepted, disclosed, or used in violation of the provisions of the Electronic Surveillance Act has a cause of action for civil damages under La. R.S. 15:1312(A) and is entitled to recover: (1) actual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is greater; (2) a reasonable attorney’s fee and other litigation costs; and (3) punitive damages.
The focus of Darlene’s appeal is whether Cook and Fewell are solidary obligors with the other defendants such that prescription was interrupted when the petition for damages was filed on December 1, 2008. She asserts that all the defendants were obligated not to violate the Electronic Surveillance Act and that they all violated its provisions by attaching the transcript to the pleadings filed in the nullity action. According to Darlene’s pleadings, Cook allegedly used or disclosed the transcript when he attached it to Trichell’s nullity petition filed on July 31, 2007. Fewell allegedly used or disclosed the transcript when he attached it to an opposition to an exception of unauthorized use of summary proceedings; no date was alleged for this act. Finally, Cook and Fewell allegedly used or disclosed the transcript when they re-filed the nullity petition pursuant to a joint motion to transfer; again, no date was alleged. The only alleged use or disclosure of the petition by Trichell, Cook, and Fewell was in the nullity action. It does not appear from Darlene’s | ^pleadings that Renee was a party to the nullity action. Thus, her alleged interception of *572 Darlene’s telephone conversation with Dennie is a separate violation from the alleged disclosure and use of the transcript in the nullity proceedings by Trichell, Cook, and Fewell.
Whether prescription was interrupted as to Cook and Fewell cannot be reached until a determination is made as to whether the original petition was timely. Delictual actions are subject to a liberative prescriptive period of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Our law recognizes that prescription commences when a plaintiff obtains actual or constructive knowledge of facts that would indicate to a reasonable person that he or she is the victim of a tort. Campo v. Correa, 2001-2707 (La.6/21/02), 828 So.2d 502; Martinez Management, Inc. v. Ca-ston, 39,500 (La.App.2d Cir.4/13/05), 900 So.2d 301. Constructive notice exists when a party possesses information sufficient to incite curiosity, excite attention, or place a reasonable person on guard to call for inquiry. Scranton v. Ashley Ann Energy, L.L.C., 46,984 (La.App.2d Cir.4/11/12), 91 So.3d 1174; Martinez, supra.
Ordinarily, the party who asserts the peremptory exception of prescription bears the burden of proof at the trial of the exception. Carter v. Haygood, 2004-0646 (La.1/19/05), 892 So.2d 1261; Scranton, supra. However, when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to prove that the action has not prescribed. Denoux v. Vessel Management Serv., Inc., 2007-2143 (La.5/21/08), 983 So.2d 84; Carter, supra; Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La.1993); Scranton, supra.
The manifest error standard of review applies to the trial court’s findings of fact when evidence is introduced at the hearing on the exception of prescription. Carter, supra. However, if no evidence is introduced, the exception is decided on the allegations of the petition with the properly pleaded allegations of fact accepted as true. Denoux, supra; Trust for Melba Margaret Schwegmann v. Schwegmann Family Trust, 09-968 (La.App.5th Cir.9/14/10), 51 So.3d 737.
In her pleadings, Darlene alleged that the transcript was attached to the nullity action filed against her on July 31, 2007. Darlene did not file her action for damages until approximately 15 months later on December 1, 2008. Her action appears prescribed on the face of the pleadings. Therefore, Darlene had the burden to prove that her action had not prescribed.
Before reviewing whether Darlene met the burden of proving that her action had not prescribed, we must address whether any evidence was offered on the exception. Though the record includes an exhibit of the pleadings in the nullity action, neither the minutes nor the transcript of the hearing on the exception of prescription indicate that any exhibits were offered and introduced. From our review of the transcript of the arguments on the motion for a new trial, it appears that the exhibit may have been physically placed into the record on that date. Counsel for Darlene | ^mistakenly believed that he had introduced the exhibit into the record at the hearing on the exception. He then sought to have it entered into the record at the hearing on the motion for a new trial, at which time opposing counsel refused to agree to introduction of the exhibit. We note that the trial court ordered the motion for new trial to be heard for arguments only. Pursuant to La. C.C.P. art. 1978, no new evidence could be adduced. Exhibits that were not formally *573 introduced into evidence cannot be considered, even if physically placed in the record that is on appeal. Denoux, supra; Meaux v. Miller, 2008-712 (La.App. 3d Cir.12/10/08), 999 So.2d 281. Although the exhibit of the nullity action filings is physically in the record before us, the record shows that it was not introduced at the hearing on the exception of prescription. Also, the record does not indicate that the trial court took judicial notice of the nullity action proceedings in ruling on the exceptions of prescription. Therefore, it cannot be considered on appeal, and our review is limited to determining whether the properly pleaded material allegations of fact show that the plaintiffs action is not prescribed. Schwegmann, swpra.
In her original petition, Darlene alleged that Renee recorded the phone call in 2005 and that the transcript of the phone call was made public in the nullity action pleadings filed on July 31, 2007. Paragraph nine of the petition states that she “knew the telephone conversation had been made public by the defendants in pleadings and otherwise, but did not know it had been illegally recorded until her ex-husband told her he didn’t record it.” Though she alleged that she “subsequently” learned that Dennie had neither | Recorded their conversation nor knew it had been recorded, she did not allege when she learned this information. She did not file her suit for damages until December 1, 2008, approximately 15 months after the transcript had first been used or disclosed in the nullity action. She did not allege when the subsequent alleged uses of the transcript occurred. Accepting the facts stated in the petition as true, we find them to show that Darlene’s action for damages stemming from the use or disclosure of the transcript in the nullity action had prescribed.
As of the filing of the nullity action on July 31, 2007, or soon thereafter when served, Darlene would have discovered that her phone call had been recorded, disclosed, and was being used against her. This is information that would be expected to incite curiosity, excite attention, and put a reasonable person on notice to ask questions about how a private telephone conversation came to be recorded, transcribed, and given to third parties for use in a lawsuit. Based on the facts alleged by Darlene, we find that she would have had constructive knowledge sufficient to start the running of prescription when the nullity action was first filed.
The running of a prescriptive period may be suspended under the jurisprudential doctrine of contra non valentem. Carter, swpra; Martinez, swpra. This doctrine applies in four instances: (1) where some legal cause prevented the courts or their officers from taking cognizance of or acting on the plaintiff’s behalf; (2) where some condition coupled with a contract or connected with the proceedings prevented the creditor from suing for action; (3) where the debtor did some act effectively to prevent the creditor | infrom availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. Carter, supra.
Neither the first or second category is implicated by the facts pled. The third category applies when the defendant engages in some conduct that prevents the plaintiff from availing himself of his judicial remedies. Carter, supra. The pleadings do not suggest that the defendants did anything in this regard. The fourth category, known as the discovery rule, suspends prescription until the plaintiff discovers or should have discovered the facts upon which his cause of action is based. *574 Martinez, supra. However, ignorance of the cause of action cannot be attributable to the plaintiffs own willfulness or neglect. Id., citing Renfroe v. State ex rel. Dept. of Transp. and Dev., 01-1646 (La.2/26/02), 809 So.2d 947. A plaintiff is deemed to know what he or she could have discovered by reasonable diligence. Id.
Darlene admitted in her original petition that she knew her telephone conversation with Dennie had been made public in the pleadings of the nullity action. Once she obtained this knowledge, she could have discovered by the exercise of reasonable diligence that Dennie had not recorded their conversation. The pleadings do not allege that Dennie or any of the defendants did anything to prevent Darlene from inquiring about how a private telephone conversation came to be recorded, disclosed to third parties, and used in a lawsuit against her. In her memorandum filed in opposition to the exceptions of prescription, Darlene stated that she discovered on or about March 26, 2008, that a third person had recorded her |ntelephone conversation with Dennie. However, Darlene offered no evidence on trial of the exceptions to explain why she did not make this discovery until March 26, 2008, or why she could not have discovered this information during the preceding seven months that had elapsed since the initial filing of the nullity action. Therefore, neither the third nor fourth categories of contra non valentem applies under the facts alleged to suspend the commencement of prescription.
Accepting the allegations of the plaintiffs petition as true, we find her action is prescribed on the face of the pleadings and that she did not meet her burden of proving that her claim had not prescribed. Darlene did not offer any evidence to prove that her original petition was timely, that prescription was interrupted as to Cook and Fewell, or that her claims were otherwise timely as to them. Thus, the trial court did not err in sustaining the exceptions of prescription filed by Cook and Fewell.
Because we find that Darlene’s action for damages was not filed within a year of when she is deemed to have had constructive notice of the facts giving rise to her claim, we find it unnecessary to address those assignments of error pertaining to whether prescription was interrupted as to Cook and Fewell as solidary obligors. Our ruling also pretermits consideration of Fe-well’s peremptory exception of no cause of action.
CONCLUSION
For the reasons set forth in this opinion, we affirm the trial court’s judgment sustaining the exceptions of prescription and dismissing the |12claims of the plaintiff, Darlene Huddleston, against defendants Richard Fewell and Ronald Cook. Costs are assessed against the plaintiff.
AFFIRMED.