DREW, J.
|,Charles Ray Kelly died on August 9, 2008, at 607 East College Street, Homer, Louisiana. The property was owned by Arthur and Ivy Reed.
On March 18, 2009, a death certificate was issued, reflecting that:
*979 • Kelly’s cause of death was “neck injuries,”
• the cause of these injuries was “unknown,” and
• both injury and death occurred at 6:30 p.m. on August 9, 2008.
On March 18, 2010,[1] Kelly’s mother, Bessie Mae Jackson, filed a wrongful death suit[2] against the Reeds and their unknown insurer.[3] Ms. Jackson sought recovery based upon negligence and strict liability.
On August 4, 2011, a preliminary default was entered.
On September 12, 2011, plaintiff confirmed the preliminary default against the Reeds and their unknown insurer.
At confirmation, she presented only the following evidence:
• the death certificate;
• an uncertified “parcel description” from the Claiborne Parish Assessor, reflecting the Reeds’ ownership of the property; and
• the complete record including the verified pleadings.
| gJudgment as prayed for was granted in favor of plaintiff.
On October 11, 2011, State Farm filed a suspensive appeal. The Reeds filed an appeal the next day.
Ivy and Arthur Reed also filed a petition to annul the default judgment. Numerous filings, motions and cross-motions ensued, culminating in a hearing on all matters on November 14, 2011, at which the trial court ruled that the default judgment was an absolute nullity.
On January 18, 2012, the trial court signed a judgment which:
• granted Ivy Reed’s petition to annul the default judgment and the Reeds’ petition to annul the confirmation of the default, declaring the default judgment to be an absolute nullity;
• denied Jackson’s motions to strike, for contempt, and to amend/modify default judgment, and also denied her peremptory exception of no cause of action; and
• cast Jackson with costs of the proceedings.
State Farm and the Reeds attack on appeal the original default judgment in our appellate record # 47,293-CA.
Ms. Jackson filed an application for supervisory writs seeking review of the judgment of absolute nullity. On July 19, 2012, this court ordered that Ms. Jackson’s writ application be treated as a motion for appeal.[4]
*980 We twice ordered plaintiff to inform this court whether she still sought judicial review of the November 14, 2011, judgment of nullity which had not been perfected as an appeal. On September 26, 2012, plaintiff filed in the district court a motion for devolutive appeal of the judgment of nullity rendered in open court on November 14, 2011, and signed January 18, 2012. IsThe trial court granted the order of appeal on September 28, 2012. This appeal is found in our appellate record # 48,128-CA.
The appeals are consolidated.[5]
This court has pending three exceptions of prescription:
• On April 27, 2012, State Farm filed under our docket # 47,293-CA;
• On May 18, 2012, the Reeds filed under our docket # 47,293-CA; and
• On June 28, 2012, State Farm filed in the trial court in the same Second Judicial District (Claiborne Parish) record (docket # 38,850), found in our docket # 48,128-CA.
On May 31, 2012, a writ panel of this court referred the exceptions of prescription to the merits of this appeal.
DISCUSSION
There are several ancillary issues briefed[6] which are moot, as we make two findings, either of which independently disposes of plaintiffs lawsuit:
1. The evidence at confirmation failed to establish the required prima facie case of defendants’ liability; and
2. Plaintiffs damage claim had prescribed before suit was filed.

Confirmation of Default

A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702(A). Aprima facie case is established when the plaintiff proves the essential allegations of the petition with competent evidence to the same extent as if the ^allegations had been specifically denied. The plaintiff must present competent evidence that convinces the court that it is probable that she would prevail at trial. Appellate review of a default judgment is restricted to determining the sufficiency of the evidence offered in support of the judgment. Youngblood v. Southern Air, Inc., 46,183 (La.App.2d Cir.3/2/11), 58 So.3d 1020.
Generally, to obtain a reversal of a default judgment, a defendant must overcome the presumption that the judgment has been rendered on sufficient evidence and is correct. This presumption does not attach, however, where the testimony is transcribed and contained in the record. Youngblood, supra. In this matter, no witnesses testified. The record does contain the transcript of the abbreviated confirmation hearing. The trial court gave plaintiffs counsel the opportunity to have plaintiff testify but the offer was declined.
La. C.C.P. art 1702(B) contains the evidentiary prerequisites to establish a prima facie case sufficient to confirm a default. For a delictual claim, the testimony of the plaintiff with corroborating evidence is admissible, self-authenticating, and sufficient. Ms. Jackson argued that the language in art. 1702(B) is permissive and that the petition and plaintiffs accompanying oath of the truth of its allegations *981 plus the service returns, when considered with the evidence presented at the confirmation hearing, are sufficient.
We disagree with Ms. Jackson’s contention. The supreme court explained in Arias v. Stolthaven New Orleans, LLC, 2008-1111 (La.5/5/09), 9 So.3d 815, that a confirmation of a default is similar to a trial and mandates sufficient proof to establish a prima facie case. The plaintiff must prove the existence and validity of her claim and cannot be different from what is sought in the petition and quantum must be properly proven. Arias, supra.
In reviewing a default judgment, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. The determination is a factual one governed by the manifest error standard of review. Absent any error of law or a manifestly erroneous or clearly wrong factual finding, a court of appeal may not overturn a judgment of a trial court. Cameron v. Roberts, 47,789 (La.App.2d Cir.2/27/13), 111 So.3d 438.
Ms. Jackson’s effort fell far short of presenting a prima fade case establishing that plaintiff was likely to have prevailed at trial. The evidence presented did not demonstrate, inter alia:
• who or what caused Kelly’s death, and how he died;
• whether the death was intentional or accidental;
• whether there was a structural defect that caused the neck injury;
• whether the defendants knew or should have known of any defect; and
• whether a policy of homeowner’s insurance existed on August 9, 2008.
Plaintiff adduced no testimony or evidence to establish any basis for her recovery for the allegedly wrongful death of Charles Ray Kelly. The record contains no information establishing any negligent or substandard 16behavior by defendants. There is no evidence about any alleged deficiency in the property itself. The record is devoid of any competent evidence to establish a prima fade case of liability under any theory of tort recovery.
Aside from the allegation in plaintiffs petition, there is no information in the record establishing Ms. Jackson’s precise relationship to the decedent and her procedural eligibility to file this suit. See La. C.C. art. 2315.2. The death certificate states decedent’s parents were Orie Kelly and Bessie Mae Brown. Although the death certificate indicates Charles Ray Kelly never married and had no children, there is no testimony or evidence in the record to establish his relationship to plaintiff, his marital history and whether he left issue. The September 12, 2011, judgment should have never been granted.
The trial court recognized the inadequacy of the evidence buttressing the original judgment. The court rendered a subsequent judgment declaring the September 12, 2011, judgment to be an absolute nullity. Annulment of judgments, however, covers certain vices of form or fraud and ill practices. See La. C.C.P. arts.2001-2006.
This appeal was initially focused upon the legality of the default judgment itself. There being inadequate proof to support its issuance, we therefore reverse the judgment on the merits. La. C.C.P. art. 1702. This ruling obviates the need to consider the propriety of the judgment of nullity.

Prescription

A one-year period of prescription applies to Louisiana wrongful death suits. La. C.C. art. 2315.2. Kelly died on August 9, 2008, and this suit was ]7not filed until March 18, 2010, 19 months after his death. Nothing in this record and nothing argued in brief justifies the late filing of this law *982 suit. In her sworn petition, Ms. Jackson averred that she was informed the decedent was found unconscious on the Reeds’ property and later died. She also alleged that she did not learn the cause of death until receipt of the death certificate on March 20, 2009. She argues that her suit is therefore timely.
In Huddleston v. Huddleston, 47,418 (La.App.2d Cir.9/26/12), 106 So.3d 567, writ denied, 2012-2345 (La.12/14/12), 104 So.3d 446, this court explained that delictual actions are subject to a one-year libera-tive prescriptive period which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Prescription begins when a plaintiff obtains actual or constructive knowledge of facts that would indicate to a reasonable person that she is the victim of a tort. Constructive notice exists when a party has information sufficient to motivate curiosity and attention or place a reasonable person on guard to call for inquiry. Scranton v. Ashley Ann Energy, L.L.C., 46,984 (La.App.2d Cir.4/11/12), 91 So.3d 1174, writ denied, 2012-1345 (La.9/28/12), 98 So.3d 846.
The party asserting the peremptory exception of prescription bears the burden of proof at the trial of the exception unless the claim is prescribed on the face of the pleadings. In that case, the burden shifts to the plaintiff. Scranton, supra.
The record belies plaintiffs contention that the suit was timely. Filed some 19 months after decedent’s death, the suit is prescribed on its face. Ms. Jackson learned of the death right away. The death certificate states | 8that she provided information as the “informant” on September 12, 2008, and that decedent’s interment took place on August 16, 2008.
La. C.C.P. art. 2163 directs that an appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record. The exceptions of prescription were timely filed in our court prior to the submission of the case to the appellate court for decision. When the peremptory exception of prescription is filed in the appellate court, the plaintiff may demand that the case be remanded to the trial court for trial of the exception. There is no indication here that plaintiff sought a remand. This record contains nothing hinting that the prescription defect can be cured by plaintiff amending her pleadings, pursuant to La. C.C.P. art. 934.[7] Given the reversal of the default judgment, a remand would not serve the interests of judicial economy.
CONCLUSIONS
No prima facie case was presented to justify the original judgment in favor of Ms. Jackson. Accordingly, the September 12, 2011, judgment is reversed, at the cost of plaintiff, Ms. Bessie Mae Jackson. Prescription began tolling on the date of death, not the date that counsel received the death certificate. Thus, the suit was untimely filed. The exceptions of | nprescription are sustained. This ruling disposes of the nullity controversy. As we have struck down the initial judgment, the judgment of nullity is moot.
*983 DECREE
The exceptions of prescription filed by-Arthur Reed, Ivy Reed, and State Farm are sustained, at the cost of plaintiff.
The judgment of September 12, 2011, which forms the basis of the litigation under our Docket #47,293-CA, is reversed at the cost of plaintiff.
The suit for nullity, found under our docket # 48,128-CA, is hereby dismissed, at the cost of plaintiff.

. One year to the day after issuance of the death certificate.

. Ms. Jackson filed the suit as plaintiff, pursuant to La. C.C. art. 2315.2, alleging that Kelly never married and died without issue. The applicable text of the code article follows.
Art. 2315.2. Wrongful death action
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
[[Image here]]
B. The right of action granted by this Article prescribes one year from the death of the deceased.

. The insurer was later determined to be State Farm Fire and Casualty Company.

. The order of the trial court setting a return date was considered to be a order granting her appeal. Shows v. Shows, 434 So.2d 1090 (La.1983).

. There is only one trial court record: Claiborne Parish Civil Docket # 38,850.

. Other potential issues, unnecessary to this disposition: service, long-arm service, acquiescence, and the trial court’s separate judgment annulling the default judgment.

. La. C.C.P. art. 934
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.