# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**24-249**

**BILLY E. LOFTIN & PHYLLIS LOFTIN**

**VERSUS**

**HAYLIE ROYER**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2024-0239
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**VAN H. KYZAR
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

J. Ogden Middleton, II
J. Ogden Middleton, II, P.L.C.
1744 White Street
Alexandria, LA 71301
(318) 443-4377
COUNSEL FOR DEFENDANT/APPELLANT:
    Haylie Royer

Van C. Seneca
Loftin Law Group, LLC
113 Dr. Michael DeBakey Drive
Lake Charles, LA 70601
(337) 310-4300
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Billy E. Loftin, Jr. & Phyllis Loftin

**KYZAR, Judge.**

The defendant, Haylie Royer, appeals a default judgment in favor of the plaintiffs, Billy E. Loftin, Jr. and Phyllis Loftin, for breach of a loan agreement in the sum of $61,105.76, together with interest and costs. For the reasons herein, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Billy E. Loftin, Jr. and Phyllis Loftin (Plaintiffs) filed this action against their daughter, Haylie Royer (Defendant), seeking to recover monies loaned to her for tuition and living expenses during her attendance at a culinary school in Houston, Texas. According to Plaintiffs' petition, Defendant, after dropping out of McNeese State University, convinced her parents to take out a "parent loan" from the Art Institute of Houston (the Art Institute) in their names and then to loan that money to her for her tuition and expenses while attending that school. Plaintiffs borrowed $72,708.27 from the Art Institute at an annual interest rate of 8.25%, with the loan amount disbursed on June 13, 2011.

According to Plaintiffs' verbal agreement with Defendant, the loan funds were directly deposited into her account at the Art Institute, and Defendant agreed to repay the loan according to the same terms Plaintiffs agreed to in their loan agreement with the Art Institute. Defendant then used the $72,708.27 for her tuition, fees, and other expenses, but after spending the loan proceeds, she ceased attending school without completing the program or earning a degree. When the loan initially became due,

Defendant made payments and continued to do so directly to the loan servicer until March 17, 2022, when she ceased making monthly payments.[1]

Plaintiffs instituted this suit on January 19, 2024, asserting that Defendant's refusal to pay amounted to a breach of her verbal contractual obligation to reimburse them for the loan she caused them to incur on her benefit. They sought recovery in the amount of $61,105.76, together with 8.25% interest from the date of judicial demand and court costs. Defendant was served with the petition and a requests for admissions on February 2, 2024, but failed to file responsive pleadings and/or an answer within thirty days of service.[2] A default judgment was rendered on March 6, 2024, in the amount demanded in the suit.[3]

Defendant thereafter filed a motion to appeal, which was granted. Here, Defendant asserts that the trial court abused its discretion, manifestly erred, and committed reversible factual and legal error as follows:

1. The trial judge erred in granting the plaintiffs/appellees a default judgment of $61,105.76.

2. The trial judge manifestly erred in failing to examine the Self-Proving Affidavit for Default Judgment and the Motion for Default Judgment and Attorneys Certificate . . . executed and filed by the appellees-plaintiffs [sic] and enforcing its admissions as to how much this appellant paid on the student loan and how much if anything appellant still owes her parents.

---

[1] Plaintiffs were granted payment deferrals during the Covid outbreak on their loan from the Art Institute and permitted Defendant to defer payments on her verbal agreement as well to coincide with the original loan.

[2] Plaintiffs initially went into open court to confirm the default judgment on February 27, 2024, but after putting on evidence and testimony, the trial court noted that the thirty-day delay for answering the petition and request for admissions, as set forth in La.Code Civ.P. art. 1001, had not yet expired.

[3] The default judgment was rendered without a hearing in open court on Plaintiffs' submission of a Motion for Default Judgment and Attorney's Certificate, a Clerk's Certificate that no answer has been filed, and a Self-Authenticating Affidavit for Default Judgment executed by Plaintiffs describing the facts set forth in the petition.

3.    The trial judge erred and abused his discretion to the extent he allowed the appellants to come forward without any evidence as to the payments that were made to and collected by either of the two loan service [sic] companies involved in the case.

## OPINION

In her three assignments of error, Defendant asserts that the trial court erred in granting the default judgment, that it committed manifest error in failing to fully examine Plaintiffs' affidavit before determining the amount owed by Defendant, and that it erred and abused its discretion in awarding Plaintiffs $61,105.76 when they offered no evidence as to the amount she had repaid on the loan.

We deem all of Defendant's assignments of error to be a challenge to the sufficiency of the evidence relied upon by the trial court in granting the judgment and in awarding the amount owed. Thus, we address the assigned errors collectively.

> Appellate review of a default judgment is restricted to determining the sufficiency of the evidence offered in support of the judgment. *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111 (La.5/5/09), 9 So.3d 815. Generally, to obtain a reversal of a default judgment, a defendant must overcome the presumption that the judgment has been rendered on sufficient evidence and is correct. *Spencer v. James*, 42,168 (La.App.2d Cir.5/9/07)[,] 955 So.2d 1287. This presumption does not attach, however, where the testimony is transcribed and contained in the record. *Id.*

*Youngblood v. S. Air, Inc.*, 46,183, p. 5 (La.App. 2 Cir. 3/2/11), 58 So.3d 1020, 1024.

Additionally, in *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254, 1258 (La.1993), the supreme court discussed the requirements of proof sufficient to support a default judgment and the presumption that may be applied by a reviewing court on appeal:

> In order for a plaintiff to obtain a default judgment, "he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." *Thibodeaux v. Burton*, 538 So.2d 1001, 1004 (La.1989); *Blue Bonnet Creamery, Inc. v Simon*, 243 La. 683, 146 So.2d 162, 166 (1962). "In other words, the plaintiff must present

3

competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." *Thibodeaux*, 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. "There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise." *Ascension Builders, Inc. v. Jumonville*, 262 La. 519, 263 So.2d 875, 878 (1972); *see also Massey v. Consumer's Ice Co. of Shreveport*, 223 La. 731, 66 So.2d 789, 790 (1953).

It is noted that as to the confirmation of the default judgment on March 6, 2024, there was no hearing or testimony taken or transcribed. While there had been an earlier attempt to confirm the default where testimony was indeed taken and transcribed, the trial court took notice that the time delays for answering the suit had not lapsed, and no further action was taken. The transcript of the earlier testimony was not offered as evidence when the default judgment was confirmed. Thus, the presumption that the judgment was rendered on sufficient evidence does apply here, unless that evidence presented does not provide prima facie support for Plaintiffs' claim.

The issue presented in this case is whether the evidence introduced by Plaintiffs to confirm the default judgment for the breach of a conventional obligation to repay a loan was sufficient to establish a prima facie case, as per the provisions of La.Code Civ.P. art. 1702(A)(1), that provides, in part, the following:

> If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered, provided that notice that the plaintiff intends to obtain a default judgment is sent if required by this Paragraph, unless such notice is waived.

Here, the original petition was filed along with a request for admissions of fact. Louisiana Code of Civil Procedure Article 1001 provides that "[i]f the plaintiff

4

files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request." As of March 6, 2024, the day the default judgment was signed, thirty days had lapsed from the date of service of the petition and the request for admissions of fact. The Clerk's Certificate submitted in support of the default judgment verifies the date of service and the fact that no responsive pleadings were filed. Thus, the only question before this court is whether the evidence presented to and considered by the trial court was sufficient to prove a prima facie case for Plaintiffs.

> When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto that contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering a default judgment.

La.Code Civ.P. art. 1702(B)(1).

Additionally, when the demand is for a sum due as the result of a conventional obligation, La.Code Civ.P. art. 1702(C) provides, in part:

> The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed default judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the proposed default judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the default judgment. A certified copy of the signed default judgment shall be sent to the plaintiff by the clerk of court, and notice of the signing of the default judgment shall be given as provided in Article 1913.

"A party who demands performance of an obligation must prove the existence of the obligation." La.Civ.Code art. 1831. "When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value

5

not in excess of five hundred dollars may be proved by competent evidence[]" but "[i]f the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances." La.Civ.Code art. 1846.

The evidence presented for consideration of the default judgment consisted of Plaintiffs' submission of a Motion for Default Judgment and Attorney's Certificate, a Clerk's Certificate that no answer has been filed, and a Self-Authenticating Affidavit for Default Judgment executed by Plaintiffs. The Motion for Default Judgement and the Self-Authenticating Affidavit both refer to the original petition filed in the record together with the attached exhibits consisting of two letters sent by Mr. Loftin to Defendant regarding repayment of the loan amount and a November 30, 2022 Nelnet document containing information pertaining to the loan, including a current balance of $61,105.78.

We find this to be sufficient proof of the existence of a conventional loan obligation between Defendant and Plaintiffs. The admissible and self-authenticating attachments, including Plaintiffs' witness affidavit testimony, established that they secured a loan from the Art Institute for a set amount at a set interest rate, and Defendant agreed to repay Plaintiffs the amount of that loan at the same terms. The proceeds of that loan went directly to Defendant and were spent by her. The evidence shows that Defendant, in fact, acknowledged the obligation and, at the least, tacitly agreed to it by making payments towards the loan for extended periods until she defaulted and refused to make any further payments following the end of the deferral period in October 2023.

The instant case is similar to the facts reviewed by this court in *Daniels v. Chandler*, 525 So.2d 98 (La.App. 3 Cir. 1988). There, the trial court had concluded

6

that a transaction between the plaintiffs and the defendant was a loan and rendered judgment in favor of the plaintiffs for $6,199.50, which included the principal amount of $4,400.00, plus interest in the amount of $1,799.50. However, the interest awarded in the judgment was interest accruing on the bank loan obtained by the plaintiffs rather than legal interest. The plaintiffs established to the satisfaction of the trial court that the bank loan was the source of the money loaned to the defendant and that he had agreed to be responsible for the interest which would accrue on that loan. This court affirmed the judgment of the trial court, finding that the plaintiffs proved the verbal loan agreement and that the defendant agreed to pay the interest as called for in the plaintiffs' bank loan, the source of the money loaned to the defendant.[4] We, likewise, conclude that Plaintiffs proved the existence of the verbal loan agreement with Defendant and the terms of the loan. The competent default judgment evidence also established a prima facie case that Defendant defaulted on the loan agreement. Thus, the only question remaining is the amount of the unpaid loan.

Defendant claims that the evidence before the trial court was insufficient to support the amount awarded and argues that she was not properly credited for the amounts she had paid towards the loan. We disagree.

Plaintiffs' submissions established a prima facie case that the verbal loan was agreed to by Defendant, that the original loan amount was $72,708.27, the disbursement date was June 13, 2011, the outstanding principal balance was $61,105.76 as of November 30, 2023, and that the loan bears interest at the rate of

---

[4] The court did reduce the amount of interest awarded based on the facts presented at trial.

7

8.25% per annum. Defendant agreed to make monthly payments of $602.01 on the loan but refused to make any further payments after October 21, 2023. Plaintiffs' submissions establish that the balance due on the original Art Institute loan, and thus, the verbal loan as of November 30, 2023, is the amount demanded in the petition, which is the $61,105.76 awarded by the judgment.

While Defendant argues that she was not properly credited for payments she made on the loan, this assertion is refuted by the documentary and testimonial evidence submitted in the affidavit in support of the default judgment. Within that evidence, Plaintiffs acknowledge that Defendant did make many payments towards the loan agreement for which she was credited. However, the record also contains competent evidence that the unpaid balance on the original loan, thus on the verbal loan, was the same as demanded and awarded. Defendant's argument also ignores the fact that during the lifetime of the loan, except for the periods of forbearance during the Covid outbreak, interest was accruing on the borrowed amount, which Defendant, in her verbal agreement with Plaintiffs, agreed to pay. Defendant's assertion that she paid over $70,000.00 towards the loan and, thus, must have paid it in full or nearly in full fails to account for any accrued interest or "overcome the presumption that the judgment has been rendered on sufficient evidence and is correct." *Youngblood*, 58 So.3d at 1024. The record on which the default judgment was rendered refutes Defendant's argument and supports the presumption of its correctness. Accordingly, we affirm the judgment of the trial court in all respects.

### DECREE

The judgment of the trial court in favor of Billy E. Loftin, Jr. and Phyllis Loftin, and against Haylie Royer, in the amount of $61,105.76, together with 8.25%

8

interest from the date of judicial demand and court costs, is affirmed. Costs of appeal are assessed to Haylie Royer.

**AFFIRMED.**